*168 OPINION.
Phillips:
The accounts of the petitioner with respect to commissions earned and paid to its salesmen are kept in a manner which is very confusing, so far as the determination of its true income for tax purposes is concerned. In other respects it appears to keep its books upon a proper accrual basis.
' The return filed by the petitioner for the fiscal year 1919 is based upon its progress as shown in its profit and loss account, no surplus account being kept. During that fiscal year this account shows a decrease in undivided profits of $13,312.27. It also indicates that during the year dividends of $17,748 were paid, leaving a net profit, as shown by that account, of $4,435.73, which was the income reported, certain adjustments being made for non-taxable income.
This account, however, does not reflect the true profit of the corporation for income tax purposes. At the close of each taxable year there has been added to the profit an amount equal to 25 per cent of the outstanding unfulfilled contracts for advertising, which amount lias been deducted on the first day of the following fiscal year. This amount was set up each year upon the balance sheet of the corporation as an asset, being in the nature of a valuation of the contracts then on hand. For income tax purposes it has no proper place in either the profit and loss statement or in the balance sheet. It further appears that, while all other accounts were kept upon an accrual basis, salaries and commissions paid for personal services were entered in the profit and loss account only as they were paid and not as they were earned. It appears therefore that for the two taxable years involved the commissions as entered in the profit and loss account were as follows:
*169 For the fiscal year 1919.
Advance Commissions deducted Sept. 1, 1918_$83, 231. 31
Amounts paid to salesmen_ 39, 422. 33
72, 658. 64
Less advance commissions credited to profit and loss Aug. 31, 1919_ 47,248. 03
Amount of commissions as reflected in profit and loss account and in the return-'_-_'_ 25, 405. 61
For the fiscal year 1920. .
Advance commissions charged to profit and loss account
Sept. 1, 1919_:_$47,248,03
Commissions paid during year_ 76, 420. 57
123, 668. 60
Less advance commissions credited to profit and loss Aug. 31, 1920 _ 78, 242. 78 '
Amount of commissions as reflected in profit and loss account-,_ 45, 425. 82
These amounts were used by tl)e Commissioner without change in computing the deficiency.
The testimony establishes that the amounts earned by the salesmen which became due and payable to.them during those years were as follows:
1919-$38,259.76
1920-:_ 61,478.30
The taxable income should therefore be reduced in each of the taxable years by the difference between the amount earned by the salesmen and the amount deducted in computing the deficiency, as set out above.
In each of these years there were salesmen who left the employ of'the company and who had received by way of drawing account amounts in excess of the commissions earned. It is the contention of the petitioner that it is entitled to deduct such amount's. Counsel in his brief cites several New York cases to the general effect that, in the absence of an agreement for repayment, such amounts may not be recovered from salesmen on a drawing account, but there is nothing in the record from which we may determine whether or not these salesmen were under obligation to repay to the corporation the excess amount of the drawings and, if so, whether such amount could have been collected..
The Commissioner determined that therq should be assessed a penalty of 25 per cent of the tax for 1920 for failure to file a return for that year. There was no defense by the petitioner other than its contention that there was no tax due and consequently no *170 penalty. In the recompntation of the deficiency, there should be added the penalty of 25 per cent of the tax liability, if any.

Decision will be entered on 15 days' notice, under Rule 50.